

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| GEORGE E. DIXON, ) | CASE NO. 06-80148-G3-7 |
| ) | |
| Debtor, ) | |
| ) | |
| GEORGE E. DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ADV. NO. 14-8003 |
| ) | |
| WASHINGTON MUTUAL BANK, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

The court has held an initial status conference in the above captioned adversary proceeding. At the status conference, the court heard argument regarding "Defendants JPMorgan Chase Bank, N.A. and Federal Home Loan Mortgage Corporation's Motion to Dismiss First Amended Complaint" (Docket No. 12) and "Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank's Motion to Dismiss" (Docket No. 13). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned adversary proceeding. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

George E. Dixon ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 1, 2006. The case was converted to Chapter 7, by order entered on February 8, 2007. (Docket No.

In Debtor's Schedule D, he listed four debts owed to Washington Mutual Bank, secured by real property located at 611 Melody Lane, Friendswood, Texas. None of the debts were listed as disputed. (Docket No. 71, Case No. 06-80148-G3-7).

On May 12, 2006, Washington Mutual Bank filed a proof of claim, in the amount of $190,115.60, secured by real property. A note and deed of trust were attached to the proof of claim. (Claim No. 1-1, Case No. 06-80148-G3-7). Debtor did not object to the proof of claim.

A Chapter 7 discharge was entered on August 2, 2007. (Docket No. 74, Case No. 06-80148-G3-7).

The Chapter 7 Trustee filed a "Report of No Distribution" on July 24, 2009. In the Report of No Distribution, the Chapter 7 Trustee reported that he had not received any property nor paid any money on account of the bankruptcy estate, abandoned any assets, and certified that the estate had been fully administered. (Unnumbered Docket Entry, July 24, 2009, Case No. 06-80148-G3-7).

A final decree was entered, closing the above captioned Chapter 7 case, on August 31, 2009.  (Docket No. 76, Case No. 06-80148-G3-7).

Debtor did not appeal the discharge order, or the final decree.

On March 21, 2014, over six years after discharge was entered, and over four years after the instant Chapter 7 case was closed, Debtor filed the instant adversary proceeding.

In the first amended complaint in the instant adversary proceeding, Debtor asserts that Washington Mutual (as to which the FDIC was subsequently appointed as receiver) fraudulently represented itself as the owner, holder, and servicer of the note.  Debtor asserts that JPMorgan Chase, the transferee from Washington Mutual, fraudulently reported Debtor's filing of bankruptcy to credit bureaus.  Debtor asserts that none of the defendants have a security interest in the home, and that Debtor's interest in the home was wrongfully foreclosed.

In the instant motions, Defendants seek dismissal on grounds of lack of subject matter jurisdiction, and res judicata (arising from a suit decided by the United States District Court for the Southern District of Texas).  FDIC, as receiver, also asserts that this court lacks jurisdiction pursuant to several provisions of the Financial Institution Reform, Recovery, and Enforcement Act of 1989.

3

Debtor argues that this court has subject matter jurisdiction because the bankruptcy estate would be affected by the relief he seeks, a home free and clear of the security interests of Defendants.

## Conclusions of Law

Under 28 U.S.C. § 1334(b), the court has original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b).

The causes of action stated in Debtor's first amended complaint do not arise under Title 11, and do not arise in a case under Title 11. Thus, the court has jurisdiction only if the causes of action are related to the instant Chapter 7 case.

A cause of action is related to the bankruptcy case if it could conceivably have an effect on the bankruptcy estate being administered. For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate. In re Bass, 171 F.3d 1016 (5th Cir. 1999).

With exceptions not pertinent to the instant case, jurisdiction over bankruptcy proceedings ceases with the closing of the bankruptcy estate. In re Bradley, 989 F.2d 802 (5th Cir. 1993).

The court has discretion to reopen a case, to administer assets, accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The determination of the existence of cause is an equitable one, which depends upon the circumstances of the individual case. <u>In re Rodriquez</u>, 252 F.3d 435 (5th Cir. 2001).

In the instant Chapter 7 case, the note and deed of trust of which Debtor complains were attached to Washington Mutual's proof of claim. Debtor had an opportunity to object to the claim, but did not do so. The bankruptcy estate has not existed, and the case has been closed, for over four years. The causes of action alleged in the instant adversary proceeding could not conceivably have an effect on the bankruptcy estate, because the bankruptcy estate has ceased to exist. The allegations in Debtor's first amended complaint are not sufficient cause for reopening of the bankruptcy case.[1] The court concludes that it lacks subject matter jurisdiction as to the causes of action asserted in the first amended complaint in the instant adversary proceeding. The court does not reach the

---

[1] The court notes Defendants' allegation that the arguments raised by Debtor in the instant adversary proceeding were previously raised in a separate suit filed in 2010 before the United States District Court for the Southern District of Texas. The court makes no finding as to that suit, but its existence stands as an additional consideration in the court's determination that cause does not exist to reopen the instant Chapter 7 case.

5

other arguments of the parties as to the merits.  The court concludes that both motions to dismiss should be granted, on grounds of this court's lack of subject matter jurisdiction.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned adversary proceeding.

Signed at Houston, Texas July 10, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE